PER CURIAM.
The plaintiff (“North Fork”) filed suit praying, inter alia, for the issuance of a preliminary injunction to prohibit the defendant police jury from certain acts. After trial, the District Court dismissed North Fork’s rule to obtain the preliminary injunction; on this demand, the court rendered judgment in favor of the police jury. The plaintiff North Fork then appealed.
By ex parte motion filed in this court, North Fork moves to dismiss its own appeal from the denial of the preliminary injunction.
In the absence of a joint motion by all parties, we are unable to dismiss summarily the appeal in accordance with the motion. Rule VII, Section 3, Uniform Rules Courts of Appeal (1963). Instead, due to the failure of the other party-to join therein or to acquiesce in writing, the motion to dismiss the appeal must be submitted to the court. Rule VII, Section 1. Under its practice, this court is therefore required to render a formal opinion to dispose of the motion.
North Fork’s ex parte motion to dismiss its own appeal will be granted because the interests of no other party are adversely affected:
The appellee police jury, the only other party to the appeal, did not file an answer to the appeal within fifteen days of the lodging of the record herein and cannot do so after expiration of this delay. LSA-C.C.P. Article 2133. The appellee’s only interest in this appeal therefore is to obtain the affirmance of the judgment below. Our dismissal of North Fork’s appeal will have the same effect with regard to the parties as if the trial court judgment were affirmed.
Since the interests of no other party to the appeal are adversely affected, we will therefore grant North Fork’s ex parte motion to dismiss its own appeal. The costs of the appeal are to be assessed against North Fork.
Appeal dismissed.