NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 1169

CHRISTINE ANN GUILLOT

VERSUS

CASEY WEBB

Judgment Rendered:   MAY 11 2020

* * * * * * * *

Appealed from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Case No. 2019-10905

The Honorable Dawn Amacker / Mary C. Devereaux

* * * * * * * *

| | |
|---|---|
| Richard Ducote<br>Covington, Louisiana | Counsel for Plaintiff/Appellant<br>Christine Ann Guillot |
| Casey Webb<br>Slidell, Louisiana | Defendant/Appellee<br>Pro Se |

* * * * * * * *

BEFORE: McDONALD, THERIOT, AND CHUTZ, JJ.

**THERIOT, J.**

This matter arises from a petition for protection from abuse filed by plaintiff Christine Guillot pursuant to La. R.S. 46:2131 et seq. Following a trial court judgment dismissing the petition, Guillot appealed.[1] No appeal was filed by the defendant, Casey Webb, and no answer to the appeal was filed. This court issued a rule to show cause on the issue of whether Guillot's appeal was timely, and action on the rule was referred to the merits. Oral arguments were requested by Guillot in this matter. However, while the matter was still pending before this court, Guillot filed a motion to dismiss her appeal. In accordance with the appellant's request, since the interests of no other party to the appeal are adversely affected, we hereby grant Guillot's motion to dismiss her own appeal in accordance with Uniform Rules, Courts of Appeal, Rule 2-8.4. See *Beach v. Village of Folsom*, 2017-1599 (La.App. 1 Cir. 6/4/18), 2018WL2676830; *North Fork Corporation v. Avoyelles Parish Police Jury*, 189 So.2d 741 (La.App. 3 Cir. 1966).

## DECREE

For the foregoing reasons, the appeal is dismissed. All appeal costs are to be borne by appellant, Christine Guillot.

**APPEAL DISMISSED.**

---

[1] Although this appeal was taken from the March 26, 2019 trial court judgment dismissing her petition for a domestic abuse protective order, Guillot's appellate brief states that "Guillot is not arguing here any error in the dismissal of her petition *per se*." Rather, Guillot's assignments of error concern the trial court's ruling finding her in direct contempt of court and imposing a forty-eight-hour jail sentence.